Sacha V. Emanuel (SBN 218705)
svemanul@aol.com
Attorney at Law
10250 Constellation Boulevard, Suite 2320
Los Angeles, California 90067
Phone: (310) 525-3568
Fax: (310) 525-3528

Attorney for defendants
Conan Sales Co., LLC, Conan Properties International LLC,
Paradox Entertainment, Inc., Paradox Entertainment AB
and Fredrik Malmberg

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STAN LEE MEDIA, INC., a Colorado corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONAN SALES CO., LLC, a Delaware limited liability company; CONAN PROPERTIES INTERNATIONAL LLC, a Delaware limited liability company; PARADOX ENTERTAINMENT, INC., a Delaware corporation; PARADOX ENTERTAINMENT AB, a Sweden corporation; FREDRIK MALMBERG; ARTHUR LIEBERMAN; JUNKO KOBAYASHI; GILL CHAMPION; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.: CV11-06861-SVW (SSx)<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS COMPLAINT OF STAN LEE MEDIA, INC.**<br><br>Assigned to the Honorable Stephen V. Wilson in Courtroom 6<br><br>Hearing Date: November 21, 2011<br>Time:           1:30 p.m.<br>Courtroom:   6 |

- 1 -

MOTION TO DISMISS

## Table of Contents

|      |       | Pages |
|------|-------|-------|
| I.   | Introduction…………………..………………………………............. | 2-6 |
| II.  | Statement of Facts…………………………………………… . …..... | 6-10 |
| III. | Legal Standard …………………………………………………......... | 10-11 |
| IV.  | The First Claim for Relief from the Settlement Approval Order Should Be Dismissed Because SLMI Has Failed to Allege a Basis for an Independent Action Under Rule 60(b) and the Claim is Untimely ……………………………………………………………… | 11-18 |
| V.   | SLMI's Second Claim for Declaratory Relief Should Be Dismissed Because it is Untimely and Fails to Allege an Actual Controversy………………………………. | 18-20 |
| VI.  | SLMI's Third Claim to "Avoid Transfers" Should Be Dismissed Because it is Barred by the Statute of Limitations, Insufficiently Pled and SLMI Lacks Standing to Assert It…..…………………………………………………………………….. | 20-21 |
| VII. | SLMI's Fourth Claim for Breach of Fiduciary Duty Fails Because it is Barred by the Statute of Limitations and Fails to Include Facts Which Show that the Moving Parties Owed a Fiduciary Duty to SLMI………………………………………………… | 21-22 |
| VIII.| SLMI's Fifth Claim for Accounting Should Be Dismissed Because No Basis for an Accounting Has Been Pled and Any Such Claim is Barred by the Statute of Limitations………………………..……….. | 23 |
| IX.  | SLMI's Sixth Claim for Restitution of Unjust Enrichment Should Be Dismissed Because SLMI Has Failed to Plead a Basis for Restitution and Any Such Claim is Untimely……………….....| 23-24 |

X.   SLMI's Constructive Trust Claim Should Be Dismissed Because it is Not a Cause of Action and the Substantive Right Allegedly Giving Rise to it is Barred by the Statute of Limitations....... 24-25

XI.   Conclusion..................................................................25

**Table of Authorities**

**Case Law**                                                                                         **Page(s)**

Aczel v. Labonia, 584 F. 3d 52, 69 (2d Cir. 2009)..................................................18

Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)......................10

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).............................................10, 25

City of Vista v. Robert Thomas Securities (2000) 84 CA4th 882, 889..................22

Conopco, Inc. v. Campbell Soup Co., 95 F.3d 187, 191 (2d Cir. 1996).................16

Embarcadero Municipal Improvement Dist. v. County of Santa Barbara (2001) 88 Cal.App.4th 781, 793 ................................................................................................23

England v. Doyle, 281 F.2d 304, 310 (9th Cir. 1960)......................................16, 17

Everest Investors 8, et al. v. Whitehall Real Estate Limited Partnership XI (2002) 100 Cal.App.4th 1102, 1106-1108 ..........................................................................22

Gekas v. Pipin (In re Met-L-Wood Corp.), 861 F.2d 1012 (7th Cir. 1988)............18

Gleason v. Jandrucko, 860 F.2d 556, 559-60 (2d Cir. 1988) ................................16

Hahn v. Miranda (2007) 147 Cal.App.4th 740, 745..............................................16

Hazel-Atlas Glass Co. v. Hartford-Empire Co., 322 U.S. 238, 244......................11

Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006) ..................11

In re Hellenic, 252 F.3d 391, 395 (5th Cir. 2001)..................................................13

In re Gibson Group, Inc., 66 F.3d 1438 (6th Cir. 1995)........................................21

In re Grantham Brothers v. Valley National Bank of Arizona, 922 F.2d 1438, 1442 (9th Cir. 1991)..........................................................................................................18

In re Quanalyze Oil & Gas Corp., 250 B.R. 83, 90 (W.D. Tx. 2000)...................12

Jackson v. Axton, 25 F.3d 884, 889 (9th Cir. 1994)...............................................18

Jarrow Formulas, Inc. v. Nutrition Now, Inc., 304 F.3d 829, 837-838 (9th Cir. 2002).........................................................................................................................15

J.L. v. Children's Institute, Inc. (2009) 177 Cal.App.4th 388, 403.......................20

Jonnie D. Miller v. Glenn Miller Productions, Inc., 454 F.3d at 975, 1000 (9th Cir. 2006).........................................................................................................................15

ii

MOTION TO DISMISS

Kaplan v. Coldwell Banker Residential Affiliates, Inc., (2007) 69 Cal.Rptr.2d 640, 642-643. ...................................................................................19

Keys v. Dunbar, 405 F.2d 955, 957 (9th Cir. 1969)......................................17

Lotus Development Corp. v. Borland International Inc., 831 F.Supp. 220, 238-239 (U.S. Dist. Mass. 1993)..........................................................................14

Lujan v. Defenders of Wildlife, 504 U.S. 555, 560-561 (1992).......................11

Maguire v. Hibernia Savings & Loan Soc. (1944) 23 C2d 719, 734...............18

McBride v. Boughton (2004) 123 Cal.App.4th 379......................................23

QED Productions, LLC v. Nesfield, Case No. CV07-0225 SVW . . . ...........3

Solenoid Devices, Inc. v. Ledex, Inc., 375 F.2d 444 (S.D. Cal. 1965).............19

Sonora Diamond Corp. v. Superior Court (2000) 83 Cal.App.4th 523, 538........25

Stansfield v. Starky (1990) 220 Cal.App.3d 59, 76.....................................24

Toscano v. Commissioner, 441 F.2d 930, 934 (9th Cir. 1971).......................16

United States v. Beggerly, 524 U.S. 38, 47 (1998) ..............................11, 17

Von Saher v. Norton Simons Museum of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) ...................................................................................11

Wyle v. R.J. Reynolds Industries, Inc., 709 F.2d 585, 590 (9th Cir. 1983).........14

**Statutes**                                                                                                                           **Page(s)**

California Civil Code Section 2317..........................................................19
California Code of Civil Procedure Section 338(d) and 338...................14, 24
California Code of Civil Procedure Section 339(1)......................................24
California Code of Civil Procedure Section 359..........................................21
Fed.R.Civ.P. Rules 60(b), (b)(4) and (b)(6)..................................13, 17, 18
Fed.R.Civ.P. Rule 60(d)(3)....................................................................17
Fed.R.Civ.P. Rule 201...........................................................................9
Fed.R.Bank.P. Rule 1007(a)(3)..............................................................12
Fed.R.Bank.P Rule 2002(a)(3)...............................................................13
11 U.S.C. Sec. 102(1)..........................................................................13
11 U.S.C. Sec. 327(a).........................................................................21
11 U.S.C. Sec. 549........................................................................20, 21
11 U.S.C. Sec. 550(f)....................................................................20, 21

**Treatises**                                                                                                                          **Page(s)**

4 Witkin, California Procedure, Pleading, Sections 819-820 (5th ed.)............23

## I. Introduction

The complaint of plaintiff, Stan Lee Media, Inc. ("SLMI"), should be dismissed because it is an impermissible and untimely collateral attack on a settlement approval order, SLMI sought, in its bankruptcy proceeding almost nine and a half years ago. None of SLMI's claims are timely. Nor has SLMI stated a cognizable legal theory of recovery in its complaint against moving parties Conan Sales Co., LLC ("CSC"), Conan Properties International LLC ("CPI"), Paradox Entertainment, Inc. ("PEI"), Paradox Entertainment AB ("PEA") and Fredrik Malmberg ("Malmberg") (collectively, "the Moving Parties").

This case is one of a number of cases filed by SLMI over the years challenging various orders made during its bankruptcy process. With respect to the order at issue in this case, SLMI failed to appeal the order or otherwise seek review of it in the bankruptcy court. Instead, SLMI filed this baseless, independent action (a collateral attack) almost a decade after the order was entered.

In the First Claim, SLMI seeks to set aside the order approving a settlement stipulation ("the Settlement Approval Order" or "Order") between SLMI and one of its secured creditors, defendant and moving party, CSC, which is now called Conan Properties International LLC ("CPI")[1]. Pursuant to the stipulation and Settlement Approval Order, SLMI agreed to assign stock in a corporation, Conan Properties,

---

[1] CSC's name was changed to Conan Properties International LLC on or about November 7, 2002. (See Exhibit "A" to Request for Judicial Notice ("RFJN")).

Inc ("CP"), and certain contract rights relating to intellectual property owned by CP, back to CSC, the company from whom SLMI had originally acquired the stock. Since at least 2002, SLMI has been fully aware of the Settlement Approval Order and the circumstances surrounding its entry.

SLMI has also had constructive notice of the facts that relate to its claims for several years. SLMI has been involved in other litigation, including litigation before this Court, relating to the same bankruptcy since as early as January, 2007. (See QED Productions, LLC v. Nesfield, Case No. CV 07-0225 SVW). In addition, as alleged in the complaint, the intellectual property rights sold to CSC have been openly exploited by CSC/CPI since in or around 2003. Despite being on constructive notice of its claims for years, SLMI has failed to allege facts make a factual showing that justifies its substantial delay in challenging the Order. Furthermore, given SLMI's substantial and unjustified delay, if the Order were set aside, the Moving Parties, who have exploited, enforced and protected the intellectual property for almost a decade, would suffer substantial undue prejudice.

SLMI's challenge to the Order on the grounds that it failed to give notice to some of its shareholders or disclose certain information to the bankruptcy court when seeking the order is not only untimely but it has no merit. SLMI has failed to allege any facts which show that it has <u>standing</u> to assert the claims of unknown and unidentified shareholders, or that individual shareholders would have had standing to object to the stipulation.

Furthermore, the Bankruptcy Code does not require that notice of motions, such as the one filed, be given to shareholders. All that is required is notice and a hearing "as is appropriate in the particular circumstances". The bankruptcy court in the underlying case found that notice, which was given by SLMI's own bankruptcy counsel, was "appropriate in the particular circumstances" and that a hearing was unnecessary "in the particular circumstances". SLMI has pled no facts which show that the bankruptcy court's decision should be second guessed.

SLMI's other ground in setting aside the Order is also untimely and baseless. SLMI alleges that it should be relieved from the bankruptcy court's Order because certain information relating to the circumstances surrounding its entry, or persons related to SLMI, was not disclosed to the bankruptcy court. These allegations fail because SLMI knew or should have known about them years ago. Furthermore, they are insufficient to show a fraud on the court. Non-disclosure of information, alone, does not constitute fraud on the court. Moreover, SLMI's allegations are simply too vague and lacking in specificity to meet the heightened standard necessary to show a fraud on the court[2]. With respect to the Moving Parties, there are no facts from which one could conclude that they had a duty to disclose any of the information allegedly not disclosed. Nor are there facts alleged from which one could conclude that SLMI was prevented from fully or fairly presenting its case.

---

[2] There are no substantive factual allegations regarding the Moving Parties' alleged involvement in the bankruptcy proceeding, let alone, the alleged fraud on the court.

- 4 -

1  SLMI was represented in the bankruptcy by outside counsel who opposed CSC's
2  motion for relief from stay. The settlement Stipulation was extensively negotiated,
3  and SLMI sought approval of it through its Motion. Therefore, there has not been,
4  nor can there be, a showing of fraud on the court.

   Because SLMI improperly asserts as a collateral matter that the Order is void, has failed to plead facts that show that the order is void, and has failed to timely seek relief from the Order, the First Claim for Relief should be dismissed.

   SLMI's Second, Third, Fifth, Sixth and Seventh Claims for Declaratory Relief, Avoidance of Transfer, Restitution, Accounting and Constructive Trust should also be dismissed. These claims are all dependent upon SLMI's First Claim for Relief from Order, which for the reasons previously stated, fails as a matter of law. They are also barred by the applicable statute of limitations and/or otherwise insufficiently pled.

   SLMI's Fourth Claim for Breach of Fiduciary Duty is also untimely and lacking in merit insofar as it is alleged against the Moving Parties. Like the other claims, the facts that give rise to this claim allegedly occurred in or around 2002. No justifiable excuse has been pled for the substantial delay in pursuing this claim. Even if it had been timely pursed, SLMI has failed to allege on what basis the Moving Parties owed a fiduciary duty to SLMI. Because the existence of a fiduciary duty has not been pled, the Moving Parties cannot be liable for SLMI's Fourth Claim.

MOTION TO DISMISS

Lastly, SLMI has failed to allege any substantive factual allegations of wrongdoing on the part of the Moving Parties or that an inequitable result would occur if their separate existence were recognized.  It is unclear why CPI, PEI, PEA or Mr. Malmberg are even named as defendants?  There are virtually no substantive factual allegations of wrongdoing alleged against these parties, or any explanation as to why their separate existence should not be recognized.  These parties should therefore be dismissed from this case.

## II.  Statement of Facts

SLMI filed its complaint against the Moving Parties and defendants Arthur M. Lieberman, Junko Kobayashi and Gil Champion on August 19, 2011, the very day of the worldwide premiere of the film *Conan the Barbarian*.  No demand letter or notice was given to any of the Moving Parties prior to the filing of the complaint.  One can only presume that this ambush was intended to, and did, embarrass the Moving Parties at a very important time. (See Exhibit "B" to RFJN).

In its complaint, SLMI attempts to allege seven claims against the Moving Parties for: (1) Relief from Order; (2) Declaratory Relief; (3) Avoidance of Transfer; (4) Breach of Fiduciary Duty; (5) Accounting; (6) Restitution of Unjust Enrichment; and (7) Constructive Trust[3].  All of SLMI's claims pertain to acts or

---

[3] The list of claims in the caption in SLMI's complaint does not match the numerical manner in which the claims are laid out in the body of the complaint. For example, in the caption, SLMI's Fifth Claim is for Restitution of Unjust Enrichment, yet, in the body of the complaint, the Fifth Claim is for an Accounting. For purposes of this Motion, the Moving Parties refer to the body of the complaint to determine the claim number.